# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cv-1974-WMW-KMM |
| Plaintiff, | |
| v. | |
| Reese Pfeiffer, et al., | |
| Defendants. | |
| Shatara Brown, et al., | Case No. 19-cv-3132-WMW-KMM |
| Plaintiff, | |
| v. | |
| Reese Pfeiffer, et al., | |
| Defendants. | |

## ORDER REGARDING THE GOVERNMENT'S MOTION FOR CONSOLIDATION

This matter is before the Court on the government's motion to consolidate filed in *United States v. Pfeiffer, et al.* ("the Enforcement Action"). [Case No. 20cv1974, ECF No. 8.] The government seeks to coordinate or partially consolidate this matter for pretrial purposes with *Brown et al. v. Pfeiffer, et al.*, Case No. 19cv3132 ("*Brown*"). The Court held a video hearing on the government's motion on October 28, 2020, and issued a ruling from the bench. As the hearing made clear, the government does not seek to consolidate these cases for trial, nor to create a master docket into which all future filings will be placed. Instead, the government asks that the case-management and schedules for both the Enforcement Action and *Brown* be coordinated to achieve greater efficiency and avoid the possibility of any inconsistent

results. The Court agrees that coordination between the two actions is appropriate, and this brief Order memorializes the Court's ruling.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation of cases is a matter committed to the district courts' discretion. *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998). In exercising that discretion, courts consider several factors, including:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting *Contrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993)).

Considering these factors, the Court finds that these cases should be coordinated with one another for some purposes. The burdens on the parties and judicial resources presented by these cases will be minimized most if the progress of *Brown* is temporarily paused so that the Enforcement Action can catch up to it. And expert discovery and summary-judgment motion practice in the two cases should be coordinated to minimize those burdens and to reduce the risk of inconsistent rulings. At this time, it is far too early to determine whether any consolidation for trial would be appropriate, and the Court makes no findings regarding trial practice as part of this Order.

The Court reaches these conclusions for several reasons. First, although the claims raised in the Enforcement Action are broader than those in *Brown*, and *Brown* has been pending since December of 2019 whereas the Enforcement Action was only recently filed, the discovery in both cases will likely overlap significantly because the defendants are the same and the allegations against them in each case are intertwined. Coordination of the schedules in the two cases will result in some delay for resolution of the *Brown* litigation. But the Court finds this delay is not unfairly prejudicial. As the Court explained during the

hearing, the Enforcement Action is going forward and the defendants in *Brown* would continue to be involved in litigation relating to nearly identical issues even if the *Brown* case itself were resolved. The greatest efficiency can be achieved and the risk of inconsistent factual and legal conclusions minimized through coordination of the last phases of *Brown* with the schedule in the Enforcement Action.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The government's Motion to Consolidate [Case No. 20cv1974, ECF No. 8] is **GRANTED IN PART** as discussed in this Order;

2. **On or before November 13, 2020,** counsel for the parties in the Enforcement Action shall discuss the adoption of a schedule and file their proposal, noting any areas of disagreement. If this submission reflects significant areas of disagreement, the Court may hold a telephonic status conference;

3. The Court will then enter a scheduling order in the Enforcement Action and will issue an amended schedule in *Brown*; and

4. Both *Brown, et al. v. Pfeiffer, et al.*, Case No. 19cv3132 (WMW/KMM), and *United States v. Pfeiffer, et al.*, Case No. 20cv1974 (WMW/KMM), will maintain separate case file numbers, and any issues regarding the coordination of briefing and argument of summary judgment and consolidation for trial will be addressed at a later date.

Date: October 29, 2020

     *s/Katherine Menendez*
     Katherine Menendez
     United States Magistrate Judge