```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             CIVIL NO. 20-1974 (DSD/KMM)
```

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    **ORDER**

REESE PFEIFFER; JEANNE
PFEIFFER; MICHAEL FRUEN;
JEREMY MARTINEAU; FRUEN &
PFEIFFER, LLP; M. FRUEN
PROPERTIES, LLC;

      Defendants.

This matter is before the court upon the government's motion for civil contempt and imposition of contempt fines. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part.

"[I]t is firmly established that the power to punish for contempt ... is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citation and internal quotation marks omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chi. Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that

the alleged contemnors violated a court order." Id. at 505. "At that point, the burden ... shift[s] to the [defendant] to show an inability to comply." Id.

The court has carefully reviewed the parties' submissions and finds that defendants Reese and Jeanne Pfeiffer are in contempt of the consent decree approved by the court on October 25, 2021, ECF No. 81, on the bases set forth in the government's papers. Specifically, defendants violated paragraphs 12 and 16 of the consent decree by purchasing residential rental properties without notifying the government and by failing to have an independent management firm oversee and manage those properties. See Samie Decl.; Kennedy Decl.; Hartman Decl.

Defendants have attempted to excuse their conduct by arguing that they were unaware of relevant provisions in the consent decree. The court is wholly unpersuaded by such arguments. Defendants entered into the consent decree and are charged with complying with its terms. Any questions as to whether conduct may violate the terms of the consent decree can readily be answered by counsel who represented them when they signed the consent decree, by the government, or by simply reading the consent decree itself. Further, defendants fail to even assert that they are unable to comply with the terms of the consent decree. Given these circumstances, coupled with defendants' previous violations of the

consent decree,[1] the court finds that fines are appropriate and necessary.

The court has broad discretion to impose appropriate punishment for a party's contempt of the court's authority. United Mine Workers v. Bagwell, 512 U.S. 821, 827 (1994); Shillitani v. United States, 384 U.S. 364, 370 (1966). Such punishment may include fines, imprisonment, or both. Bagwell, 512 U.S. at 827.

The court agrees with the government that the fine here should total $35,600, based on the established violations of the consent decree. See ECF No. 91, at 17.

The court declines, however, to order that any future violations will be subject to a fine in the amount of $1,000 per incident, as the government requests. Should other suspected violations occur, the court will address the matter on its merits rather than prospectively.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for contempt and the imposition of fines [ECF No. 89] is granted in part as set forth above;

2. Defendants Reese Pfeiffer and Jeanne Pfeiffer are found in civil contempt and must pay to the government a civil contempt

---

[1] Defendants were found in contempt of the consent decree just a few months after it was signed and agreed to pay a fine. See ECF No. 84, at 9-11; ECF No. 86.

fine of $35,600 within 30 days of receiving instructions for payment from the government;

3. The government may, at its discretion, seek to have defendants Reese and Jeanne Pfeiffer reimburse the government for its reasonable attorney's fees and costs incurred in enforcing the terms of the consent decree, as determined by the court; and

4. The court retains jurisdiction over this matter for the purpose of enforcing the terms of the consent decree and this contempt order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 2, 2024                       s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court